## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 04 2018, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
Law Office of Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Fitzsimmons,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 4, 2018

Court of Appeals Case No.
71A03-1707-CR-1629

Appeal from the St. Joseph
Superior Court

The Honorable Keith Doi,
Magistrate
The Honorable Jeffrey Sanford,
Judge

Trial Court Cause No.
71D03-1602-CM-945

**Barnes, Judge.**

# Case Summary

Robert Fitzsimmons appeals his conviction, following a bench trial, for Class A misdemeanor domestic battery. We affirm.

# Issue

The sole issue before us is whether there is sufficient evidence to sustain Fitzsimmons's conviction.

# Facts

In February 2016, Fitzsimmons and A.W. were in a romantic relationship and living together in a house that they leased jointly in Mishawaka. For "a couple of days" before February 25, 2016, tensions were high in the pair's relationship because A.W. refused to perform a certain sex act. Tr. Vol. II p. 4. On February 25, 2016, with A.W.'s children upstairs and the pair's roommate in his room, Fitzsimmons stood over A.W. as she was seated on a sofa and "kept getting more aggressive and more aggressive[.]" *Id.* at 5. He "was really mad and he was yelling." *Id.* at 6. His body language gave A.W. the impression that she "was going to get hurt." *Id.* She "wanted to leave and [he] didn't want [her] to leave." *Id.* at 7. For "probably half an hour," Fitzsimmons stood over A.W. with "his finger pointing in [her] face." *Id.* He "poked" her and "busted [her] lip," hurting her. *Id.* at 16, 17. Fitzsimmons "stop[ped] [A.W.] from calling the police." *Id.* at 25. Afterwards, as her children were crying upstairs, Fitzsimmons retrieved a washrag for A.W., "telling [her] to clean [her bloodied lip] up." *Id.* at 8.

[4] A.W. "got her kids downstairs" and "out the back door," but when she "went to follow," Fitzsimmons "stopped [her] from following them." *Id*. at 10. There was a struggle as A.W. tried to exit the house; Fitzsimmons "put his arm out," and A.W. "ended up getting knocked down into some plants." *Id*. She placed her children into her vehicle and called 911. Officer Joseph Makowski of the Mishawaka Police Department responded to the scene. When he arrived, A.W. was in a car behind the house. "She was crying. She was disheveled. She had what looked like dried blood on her mouth and [was] very nervous, shaking." *Id*. at 28. Office Makowski placed Fitzsimmons under arrest.

[5] On February 26, 2016, the State charged Fitzsimmons with Class A misdemeanor domestic battery of A.W. He was tried to the bench on February 28, 2017. A.W. testified to the foregoing facts. Officer Makowski testified as follows under direct examination:

> [A.W.] had told me that she and her boyfriend had gotten into an argument the night before and they had been basically arguing the whole night. And on that particular day she was trying to leave and he would not allow her to leave. She went into the house to get her keys, I believe, went back up to the bathroom. He would not allow her to leave. She tried to get past him and in doing so he kept pushing her face and that's how she got the injury to her lip.

*Id*. at 31. Fitzsimmons testified that he did not punch, slap, kick, or hit A.W. When asked if he had any "idea how [A.W.]'s lip ended up bloody," Fitzsimmons responded, "No." *Id*. at 61. The trial court found Fitzsimmons guilty as charged; he now appeals.

# Analysis

Fitzsimmons claims there is insufficient evidence to sustain his conviction. When analyzing a claim of insufficient evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the judgment. *Sallee v. State,* 51 N.E.3d 130, 133 (Ind. 2016). "It is the factfinder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Id.* The evidence does not have to overcome every reasonable hypothesis of innocence, and it is sufficient if an inference may reasonably be drawn to support the conviction. *Id.*

To convict Fitzsimmons of Class A misdemeanor domestic battery as charged, the State was required to prove that he knowingly or intentionally touched A.W. in a rude, insolent, or angry manner resulting in bodily injury, and that A.W. was living with Fitzsimmons as if she were his spouse. Ind. Code § 35-42-2-1.3. Fitzsimmons's only argument on appeal is that there was insufficient evidence of his intent to commit the charged offense.

The evidence most favorable to the conviction is that Fitzsimmons—frustrated and angry with A.W. for rebuffing his advances—stood over her and shouted at her aggressively with his index finger pointed at her face over a thirty-minute period; he eventually jabbed her lip, bloodying it. When she tried to leave with her children, Fitzsimmons thrust out his arm in a manner that knocked her down. The above-stated testimony is sufficient to support the reasonable

inference that Fitzsimmons knowingly and intentionally battered A.W.[1]  We regard Fitzsimmons's contentions on appeal as asking us to weigh the evidence and assess witness credibility, which we cannot do.  *See Sallee,* 51 N.E.3d at 133.

## Conclusion

[9] There is sufficient evidence to sustain Fitzsimmons's conviction for Class A misdemeanor domestic battery.  We affirm.

Affirmed.

Najam, J., and Mathias, J., concur.

---

[1] Fitzsimmons does not challenge the sufficiency of the evidence regarding any of the other elements of domestic battery.